UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARMONDO A. TROCONIS and DEBRA M. TROCONIS | ) ) ) ) | **01**CV **10086**RGS |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. |
| LUCENT TECHNOLOGIES INC., RICK RURAK, JOSEPH SHEA, THOMAS POPOULO, JOHN BRESNAHAN, MARCIA HAMILTON, JOHN LEMIEUX, AL DAIGLE, BEN BLAIR, ANDY ABRAHAMSON, JUDY MAZZAGLIA, NEIL MURRAY, JOHN OSTROWSKI, and RICHARD DEVINCENTIS, | ) ) ) ) ) ) ) ) ) ) | RECEIPT # _28052_ AMOUNT $ _150.00_ SUMMONS ISS. _NO_ LOCAL RULE 4.1 ___ WAIVER OF SERV. ___ MCF ISSUED ___ AO 120 OR 121 ___ BY DPTY CLK _SS_ |
| Defendants. | ) ) ) | DATE _1-12-01_ |

NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Pursuant to 28 U.S.C. §1441, defendant Lucent Technologies Inc. ("Lucent")

hereby petitions this Honorable Court for removal of this action from the Superior Court

of the Commonwealth of Massachusetts for Essex County to the United States District

Court for the District of Massachusetts, based on the following:

1.     Lucent is a defendant in a civil action brought against it in the Superior Court of the Commonwealth of Massachusetts for the County of Essex entitled <u>Armando A. Troconis and Debra M. Troconis, Plaintiffs, v. Lucent Technologies, Inc., Rick Rurak, Joseph Shea, Thomas Popoulo, John Bresnahan, Marcia Hamilton, John Lemieux, Al Daigle, Ben Blair, Andy Abrahamson, Judy Mazzaglia, Neil Murray, John Ostrowski, and Richard Devincentis</u>, Civil Action No. 002172D (the "state court action").  Copies of the Summons and Complaint are attached hereto as <u>Exhibit A</u> and constitute all processes, pleadings, and orders served upon or by Lucent in the state court action to the present date.

2.     The Complaint in the state court action was filed with the Clerk of the Court for the Massachusetts Superior Court of Essex County on or about December 18, 2000.

3.     Lucent was served with the Complaint on December 21, 2000.  This Notice of Removal is filed within thirty (30) days after service of such process and is timely filed under 28 U.S.C. §1446(b).

4.     A copy of this Notice and a separate Notice of Removal addressed to the state court have, on this date, been served by U.S. Mail on plaintiff's counsel and will be delivered today, by hand, to the Essex Superior Court for filing pursuant to 28 U.S.C. §1446(d).  A certified copy of this Notice of Removal also will be filed with the state court.

5.     Pursuant to Local Rule 81.1(a), Lucent will file certified or attested copies of all records and proceedings in the state court action and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, with this Court

2

within thirty (30) days after filing of this Notice.

6.      Pursuant to Local Rules 3.1 and 4.5 of this Court, a Civil Action Cover Sheet, Civil Category Sheet and filing fee of $150.00 are enclosed with this Notice of Removal.

7.      This Court has original jurisdiction over the state court action pursuant to 28 U.S.C. § 1446(b) for the following reasons:

a.      Plaintiff Armando A. Troconis ("Troconis"), a current Lucent employee, alleges, *inter alia,* in Count III of the Complaint, that defendants retaliated against him because he sought benefits for workers' compensation, in violation of M.G.L. ch. 152, §75A and §75B. Complaint, ¶¶ 35-38. Troconis further alleges, *inter alia*, in Count IV of the Complaint, that defendants intentionally interfered with his advantageous contractual relationship with Lucent. Id. at ¶¶ 39-43.

b.      At all relevant times herein, Troconis was a member of and represented by the Communications Workers of America (the "Union"), a labor organization representing employees in an industry affecting commerce as defined by the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §141, et seq., as amended. The Union is and continues to be recognized by Lucent as the exclusive bargaining representative of Troconis and similarly situated employees in the bargaining unit found appropriate by the National Labor Relations Board.

c.      At all relevant times herein, the Union and Lucent were parties to a collective bargaining agreement (the "CBA"), the term of which runs from May 31, 1998 to May 31, 2003, relevant portions of which are attached hereto as Exhibit B.[1]   At all

---

[1]  Given the breadth of the CBA, Lucent attaches as Exhibit B hereto only the most apparently relevant portions. Should the Court require a copy of the entire CBA, or any additional portions, Lucent will

relevant times herein, the CBA governed the terms and conditions of Troconis' employment. The CBA contains, *inter alia*, a "Management Rights" provision; a Nondiscrimination provision; grievance and arbitration procedures; provisions for pay treatment during absences; and a local memorandum of understanding regarding Lucent's practice of referring employees to third-party physicians. See Exhibit B, Articles 2(1); 2 (3); 6, 7; 16; Merrimack Valley Local App., Section 4 (p. 356).

      d.      The LMRA states that federal courts have jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations." 29 U.S.C. § 301 ("Section 301"). Where a state law claim requires the interpretation of, or substantially depends upon, the meaning of a collective bargaining agreement, it is pre-empted by Section 301. See United Steelworkers of America v. Rawson, 495 U.S. 362, 368 (1990); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985); Flibotte v. Pennsylvania Truck Lines, Inc., 131 F.3d 21, 25-27 (1st Cir. 1997); Jackson v. Liquid Carbonic Corp., 863 F.2d 111, 118 (1st Cir. 1988); Lydon v. Boston Sand & Gravel Co., 15 F. Supp.2d 150, 154-55 (D. Mass. 1998), rev'd and remanded on other grounds, 175 F.3d 6 (1st Cir. 1999). The analysis turns on whether the action is "independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers, 471 U.S. at 213.

      e.      Although Counts III and IV of the Complaint are labeled respectively as violations of M.G.L. ch. 152, §75A and § 75B, and for intentional interference with advantageous contractual relations, these claims are sufficiently bound up in the CBA to

provide them forthwith.

4

require the application of federal law. See Allis-Chalmers, 471 U.S. at 220. The First

Circuit has definitively determined that where a collective bargaining agreement governs

a plaintiff's employment relationship, the plaintiff's claims under M.G.L. ch. 152, §75B

("Section 75B") are preempted by Section 301. Fant v. New England Power Service Co.,

-- F.3d. --, 2001 WL 8576 (1st Cir. Jan. 8, 2001); Martin v. Shaw's Supermarkets, Inc.,

105 F.3d 40, 44 (1st Cir. 1997); Magerer v. John Sexton & Co., 912 F.2d 525, 529-30

(1st Cir. 1990) In reaching this conclusion, the Fant, Martin, and Magerer courts found

that Section 75B claims are subject to preemption by the express terms of the statute,

which state that the protections of Section 75B are subordinate to the terms of any

collective bargaining agreement between the employee's union and the employer: "In the

event that any right set forth in this section is inconsistent with an applicable collective

bargaining agreement, such agreement shall prevail. An employee may not otherwise

waive rights granted by this section." M.G.L. ch. 152, § 75B(3). See Fant, 2001 WL

8576, *4; Martin, 105 F.3d at 43; Magerer, 912 F.2d at 529.

      f.      The Magerer Court also held that the plaintiff's claim for intentional

interference with advantageous contractual relations was preempted by Section 301

because determination of whether the defendant improperly interfered with the plaintiff's

employment contract required an examination of the rights of the plaintiff and the

employer under the collective bargaining agreement. See id. at 530. See also Acciavatti

v. Professional Services Group, Inc., 982 F. Supp. 69, 76 (D. Mass 1997) (Former

employee's claim for intentional interference with contractual relations preempted by

Section 301, citing Magerer); Kneeland v. Pepsi Cola Metropolitan Co., Inc., 605 F.Supp.

137, 139 (D.Mass. 1985) (Former employee's claims against supervisory employees for

interference with contractual relations preempted by Section 301).

g.        In sum, Troconis' claim under the Massachusetts Workers' Compensation Act for retaliation based on the filing of a workers' compensation claim, and his claim for intentional interference with advantageous contractual relations are both expressly subject to interpretation of the CBA and are therefore preempted by Section 301. Moreover, because labor agreements, as does the one in the instant case, typically call for grievance and arbitration procedures to mediate disputes between employers and employees, such dispute resolution procedures will necessarily be inconsistent with the Commonwealth's statutory remedies.  See Magerer v. John Sexton & Co., 727 F. Supp. 744, 750 (D. Mass. 1990), aff'd, 912 F.2d 525.  See also Martin, 863 F.2d at 114 (Recognizing the breadth of Section 301 preemption and the reasoning for federal preemption both to "promote the creation of a uniform body of federal labor law," and "to ensure that . . . the resultant rules would be applied through the grievance procedures agreed upon unions and management").

Further, it is beyond dispute that a litigant must exhaust the grievance and arbitration process prior to bringing suit under the LMRA.  See Magerer, 912 F.2d at 531, citing Allis-Chalmers, 471 U.S. at 219, and Vaca v. Sipes, 386 U.S. 171, 184 (1967). Hence, Troconis' claims not only are preempted by the LMRA, but are subject to immediate dismissal based on a failure to exhaust mandatory dispute resolution mechanisms.

h.        In conclusion, the above action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and 29 U.S.C. §185, in that it is a suit for violation of a contract between an employer and a labor organization representing

employees in an industry affecting commerce, as defined by 29 U.S.C. §141, et seq. as amended, which suit may be brought in any district court of the United States having jurisdiction over the parties, without regard to the amount in controversy or to the citizenship of the parties.  Accordingly, the suit may be removed to this Court pursuant to U.S.C. §1441.

8.     To date, none of the individual defendants named in this action have been served, and thus their consent for removal of this action is not required.

WHEREFORE, Lucent respectfully requests that this action be removed to the United States District Court for the District of Massachusetts.

LUCENT TECHNOLOGIES INC.

By its attorneys,

Thomas E. Shirley (BBO# 542777)
Gregory C. Keating (BBO# 564523)
Karen D. Lane (BBO# 630069)
CHOATE, HALL & STEWART
Exchange Place, 53 State Street
Boston, Massachusetts 02109
(617) 227-5020

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD FOR
EACH OTHER PARTY BY MAIL/HAND ON:

1/17/01   KDLane

Date:  January 17, 2001

3209217_1.DOC