UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARMANDO A. TRACONIS and<br>DEBRA M. TRACONIS,<br><br>         Plaintiffs,<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC.<br>RICK RURAK, JOSEPH SHEA,<br>THOMAS POPOULO, JOHN<br>BRESNAHAN, MARCIA<br>HAMILTON, JOHN LEMIEUX,<br>AL DAIGLE, BEN BLAIR,<br>ANDY ABRAHAMSON,<br>JUDY MAZZAGLIA, NEIL MURRAY,<br>JOHN OSTROWSKI, and<br>RICHARD DEVINCENTES,<br><br>         Defendants. | Civil Action No. 10086RGS |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT LUCENT TECHNOLOGIES INC.

Defendant Lucent Technologies Inc. ("Lucent") answers the Complaint of Plaintiffs Armando A. Troconis ("Mr. Troconis") and Debra M. Troconis ("Ms. Troconis") as follows:

COUNT I
(Violation of Mass. Gen. L. ch.151B, National Origin Discrimination, Handicap Discrimination, and Retaliation)

In response to Count I of the Complaint, Lucent notes that it has filed a Motion to Dismiss Mr. Troconis' allegations of handicap discrimination; thus it is not required to respond to said allegations. Lucent further responds to Count I as follows:

1. Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2. Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3. Lucent admits the allegations contained in Paragraph 3 of the Complaint.

4. Lucent admits the allegations contained in Paragraph 4 of the Complaint.

5. Lucent admits the allegations contained in Paragraph 5 of the Complaint.

6. Lucent admits the allegations contained in Paragraph 6 of the Complaint.

7. Lucent admits the allegations contained in Paragraph 7 of the Complaint.

8. Lucent admits the allegations contained in Paragraph 8 of the Complaint.

9. Lucent admits the allegations contained in Paragraph 9 of the Complaint.

10. Lucent admits the allegations contained in Paragraph 10 of the Complaint.

11. Lucent admits the allegations contained in Paragraph 11 of the Complaint.

12. Lucent admits the allegations contained in Paragraph 12 of the Complaint.

13. Lucent admits the allegations contained in Paragraph 13 of the Complaint.

14. Lucent admits the allegations contained in Paragraph 14 of the Complaint.

15. Lucent admits the allegations contained in Paragraph 15 of the Complaint.

16. Lucent admits the allegations contained in Paragraph 16 of the Complaint.

17. Lucent admits the allegations contained in Paragraph 17 of the Complaint.

18. Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19. Lucent admits that between 1991 and 1996 Mr. Troconis was employed by AT&T and then Lucent. Lucent lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

20. Lucent admits that Mr. Troconis took leave under the Family and Medical Leave Act from July 24, 1996 through November 25, 1996 related to back surgery and other medical conditions. Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Troconis took such leave as a result of an "industrial accident" and therefore denies the same.

21. Lucent denies the allegations contained in Paragraph 21 of the Complaint. Further answering, Lucent states that to the extent that Paragraph 21 purports to characterize a document, such document speaks for itself.

22. Lucent admits that sometime after Mr. Troconis returned to work from his medical leave in 1996, he requested a chair with arms and lumbar support and further requested a special parking place, both of which Lucent provided to Mr. Troconis. Lucent further admits that Mr. Troconis met with Shelia Landers of the Human Resources Department to discuss his need for a chair. Lucent lacks information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 22 and therefore denies the same. Lucent denies each and every remaining allegation contained in Paragraph 22 of the Complaint.

23. Lucent denies the allegations contained in Paragraph 23 of the Complaint.

24. In response to Paragraph 24 of the Complaint, Lucent denies that it discriminated against Mr. Troconis or that it has engaged in any conduct toward Mr. Troconis in violation of any state or federal law. Further answering, Lucent states that many of the allegations contained in Paragraph 24 of the Complaint are not pled with sufficient particularity to permit a response. Notwithstanding the foregoing, Lucent states as follows:

Subparagraph 1: Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Subparagraph 1 of Paragraph 24 and therefore denies the same.

Subparagraph 2: Lucent admits that toilet paper was found in Mr. Troconis' work area on or about September 14, 1998.

Subparagraph 3: Lucent admits that it provided Mr. Troconis with a special chair, which later was damaged. Further answering, Lucent denies, based on its investigation, that the chair was damaged intentionally. Lucent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Subparagraph 3 of Paragraph 24 and therefore denies the same.

Subparagraph 4: Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Subparagraph 4 of Paragraph 24 and therefore denies the same.

Subparagraph 5: Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Subparagraph 5 of Paragraph 24 and therefore denies the same.

Subparagraph 6: Lucent admits that on or around August 31, 1998, a card stating "God loves you; everyone else thinks you're an asshole," was found in Mr. Troconis' work area. By way of further response, Lucent denies that the card was related to unlawful harassment or discrimination of Mr. Troconis based on his national origin or disability. Lucent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Subparagraph 6 of Paragraph 24 and therefore denies the same.

Subparagraph 7:   Lucent admits that a supervisor paged Mr. Troconis over the intercom system after he had been absent from his work station for a long period of time. Lucent denies each and every remaining allegation contained in Subparagraph 7 of Paragraph 24.

Subparagraph 8:   Lucent denies the allegations contained in Subparagraph 8 of Paragraph 24.

Subparagraph 9:   Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Subparagraph 9 of Paragraph 24 and therefore denies the same.

Subparagraph 10:   Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Subparagraph 10 of Paragraph 24 and therefore denies the same.

Subparagraph 11:   Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Subparagraph 11 of Paragraph 24 and therefore denies the same.

25.   Lucent admits that Mr. Troconis complained to management. Lucent denies each and every remaining allegation contained in Paragraph 25. Further answering, Lucent states that many of the allegations contained in Subparagraphs (a) through (e) of Paragraph 25 of the Complaint are not pled with sufficient particularity to permit a response. Lucent responds to the specific allegations contained in Subparagraphs (a) through (e) of Paragraph 25 as follows:

a)   Lucent admits that Mr. Troconis made verbal complaints to his supervisor, Al Daigle.

b)	Lucent admits that Mr. Troconis complained to Marcia Hamilton on September 14, 1998. Lucent denies each and every remaining allegation contained in Subparagraph (b) of Paragraph 25.

c)	Lucent admits that Mr. Troconis met with Ben Blair, the Director of Equal Employment for Lucent's Northeast Region, on January 19, 1999, at Lucent's North Andover facility. Lucent further admits that Mr. Blair refused to allow a union steward to attend the meeting because Mr. Troconis had requested they meet face to face and because the subject of the meeting did not involve disciplining Mr. Troconis. Lucent denies each and every remaining allegation contained in Subparagraph (c) of Paragraph 25.

d)	Lucent admits the Mr. Troconis complained to his supervisor, John LeMieux.

e)	Lucent denies the allegations in Subparagraph (e) of Paragraph 25.

26.	Lucent denies the allegations contained in Paragraph 26 of the Complaint. Further answering, Lucent states that many of the allegations contained in Subparagraphs (a) through (o) of Paragraph 26 of the Complaint are not pled with sufficient particularity to permit a response. Furthermore, Lucent responds to the specific allegations contained in Subparagraphs (a) through (o) of Paragraph 26 as follows:

a)	Lucent denies the allegations contained in Subparagraph (a) of Paragraph 26.

b)	Lucent denies the allegations contained in Subparagraph (b) of Paragraph 26.

c)	Lucent admits that Mr. LeMieux said to Mr. Troconis, on one occasion, "you want harassment, I'll show you harassment" in response to Mr. Troconis' insubordinate

behavior. By way of further response, Lucent states that as Mr. Troconis' supervisor, Mr. LeMieux had asked Mr. Troconis to perform a task within the scope of his duties and Mr. Troconis had flatly refused. When LeMieux again requested that Mr. Troconis perform the task, Mr. Troconis responded to Mr. LeMieux that he was "harassing" him. In response, Mr. LeMieux made this comment to Mr. Troconis. Lucent denies each and every remaining allegation contained in Subparagraph (c) of Paragraph 26.

d) Lucent admits that it does not have a policy for the registration of personal lap top computers. Lucent lacks knowledge or information sufficient to form a belief as to the amount of personal computer use by Lucent employees on lunch or break. Lucent denies each and every remaining allegation contained in Subparagraph (d) of Paragraph 26.

e) Lucent denies the allegations contained in the first sentence of Subparagraph (e) of Paragraph 26. Lucent admits that Mr. Troconis filed a grievance.

f) Lucent denies the allegations contained in Subparagraph (f) of Paragraph 26.

g) Lucent denies the allegations contained in Subparagraph (g) of Paragraph 26.

h) Lucent lacks knowledge or information sufficient to form a belief as to the allegations contained in Subparagraph (h) of Paragraph 26 and therefore denies the same.

i) Lucent denies the allegations contained in Subparagraph (i) of Paragraph 26.

j) Lucent admits that Ms. Hamilton arranged a training program called "Where do I draw the Line Between Fun and Harassment?" that Mr. Troconis, his coworkers and supervisors were expected to attend. Further answering, Lucent denies that Mr. Troconis was

notified of the training on the morning of the session, after it had begun, and without notice of the subject matter of the session. Lucent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Subparagraph (j) of Paragraph 26 and therefore denies the same.

   k)  Lucent admits that Mr. Troconis' leg was hit by a piece of equipment which Joe Shea and Mike Torigian were pushing and that Mr. Troconis reported to Lucent's Medical Department. Lucent further admits that Mr. Troconis had his own doctor examine his leg the next day and that he remained out of work for two days. Lucent denies each and every remaining allegation contained in Subparagraph (k) of Paragraph 26.

   l)  Lucent admits that on November 23, 1999, Mr. LeMieux asked Mr. Troconis to go to Ms. Hamilton's office. Lucent further admits that Mr. Troconis sought a union representative to attend the meeting with him, and that Mr. LeMieux told Mr. Troconis that he could attend the meeting with Ms. Hamilton without union representation. Lucent denies each and every remaining allegation contained in subparagraph (l) of Paragraph 26.

   m)  Lucent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Subparagraph (m) of Paragraph 26 and therefore denies the same. Further answering, Lucent denies that Mr. Troconis was ever the subject of surveillance by Ms. Hamilton.

   n)  Lucent admits that upon his return from leave, Mr. Troconis met with Lucent personnel to seek a transfer to another department. Lucent further admits that Mr. Troconis was transferred to another department. Lucent lacks knowledge or information sufficient to form a belief as to whether Mr. Troconis' request was "at the insistence of his

physician" and therefore denies the same. Further answering, Lucent denies that Mr. Troconis was subjected to a "hostile work environment."

        o)    Lucent admits that after Mr. Troconis' transfer, the processing of the paperwork accompanying the transfer was inadvertently delayed. Lucent further admits that because of the delay, Mr. LeMieux, for a short period of time, brought Mr. Troconis his paycheck at his new position. Lucent lacks knowledge or information sufficient to form a belief as to the truth of Mr. Troconis' allegations regarding a flexible time schedule and therefore denies the same. Lucent denies each and every remaining allegation contained in Subparagraph (o) of Paragraph 26.

    27.    Lucent denies the allegations contained in Paragraph 27 of the Complaint.

    28.    Lucent denies the allegations contained in Paragraph 28 of the Complaint.

    29.    Lucent denies the allegations contained in Paragraph 29 of the Complaint.

    30.    Paragraph 30 sets forth a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Lucent states that Mr. Troconis is not entitled to any of the relief that he requests in Paragraph 30 of the Complaint or any other relief.

## COUNTS II-V

    31.    Lucent realleges and incorporates by reference its responses to Paragraphs 1-30 of the Complaint. Lucent has moved to dismiss Counts II-V of the Complaint. Therefore, Lucent is not required to answer the allegations in Paragraphs 31-46 of the Complaint at this time.

## FIRST AFFIRMATIVE DEFENSE

Each and every allegation of the Complaint, which is not specifically admitted to, is hereby denied.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Mr. Troconis has failed to exhaust applicable administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Certain claims contained in the Complaint are barred by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Troconis' harassment claim is barred because he cannot demonstrate severe, pervasive and unwelcome conduct.

## SIXTH AFFIRMATIVE DEFENSE

Mr. Troconis' harassment claim is barred because alleged comments were not based on national origin.

## SEVENTH AFFIRMATIVE DEFENSE

Mr. Troconis' harassment claim is barred because Lucent took prompt and effective remedial action to accommodate Mr. Troconis and address his complaints.

## EIGHTH AFFIRMATIVE DEFENSE

Lucent had legitimate business reasons for all of the actions it took relating to Mr. Troconis.

## NINTH AFFIRMATIVE DEFENSE

Some or all of the damages claims are not recoverable as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

Some or all of the damage claims are not recoverable because of Mr. Troconis' failure to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Lucent reserves the right, after entering its discovery, to file such additional defenses and actions as may be appropriate.

WHEREFORE, Lucent Technologies Inc. denies that Plaintiffs are entitled to the relief demanded in the Complaint or any other relief. Accordingly, Lucent respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment for Lucent and award Lucent its costs, attorneys' fees, expenses and other such and further relief as the Court may deem appropriate.

Respectfully submitted,

LUCENT TECHNOLOGIES INC.

By its attorneys,

*/s/ KD Lane*

Thomas E. Shirley (BBO # 542777)
Gregory C. Keating (BBO # 564523)
Karen D. Lane (BBO# 600369)
CHOATE, HALL & STEWART
53 State Street
Boston, MA 02109
(617)-248-5000

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON:
2/7/01   */s/ KD Lane*

Dated: February 7, 2001

3219951_1.DOC